In the Matter of METRO TRUCK CENTER, INC., Debtor.

CABRINI CREDIT UNION, INC., a Michigan corporation, Plaintiff,

v.

George P. DAKMAK, Trustee in Bankruptcy of Metro Truck Center, Inc., and Associates Commercial Corporation, a Delaware corporation, Defendants.

Bankruptcy No. 82–02224–W.

Adv. No. 82–0948.

United States Bankruptcy Court, E. D. Michigan, S. D.

Aug. 10, 1982.

Allan W. Gilbert, Detroit, Mich., for Cabrini Credit Union.

John D. Huige, Detroit, Mich., for George Dakmak.

Louis P. Rochkind, Detroit, Mich., for Associates Commercial Corp.

MEMORANDUM OPINION AND ORDER

GEORGE E. WOODS, Bankruptcy Judge.

Defendant Associates Commercial Corporation (Associates) brings this motion for summary judgment. Associates asserts that its security interest in the property at issue is superior to any interest of plaintiff Cabrini Credit Union, Inc. (Cabrini).

The property at issue consists of a 1976 Kenworth tractor, Serial Number 244447M. The tractor was delivered by Cabrini to the debtor Metro Truck Center, Inc. (Metro Truck) in March of 1982. In a letter dated March 22, 1982, Cabrini appointed Metro Truck as its agent to sell the tractor. See, Cabrini letter attached to Associates' motion for summary judgment as Exhibit A.

On April 16, 1982, Metro Truck filed a Chapter 7 petition and defendant George P. Dakmak (Dakmak) was appointed as trustee. Dakmak subsequently took possession of the assets of Metro Truck, including the Kenworth tractor.

Following the filing of the Chapter 7 petition, Associates filed a complaint for relief from the automatic stay. The complaint alleged that Associates and Metro Truck had entered into a security agreement pursuant to which Metro Truck granted Associates a security interest in all returned or repossessed goods, inventory, machinery, equipment, furniture, fixtures, and all attachments, appurtenances, accessions, substitutions, proceeds or products thereto and that Associates had properly perfected its security interest under the agreement. On May 4, 1982, a stipulation and order for relief from the automatic stay was entered. The stipulation provided for the transfer of the tractor to Associates for liquidation and sale.

On June 2, 1982, Cabrini filed a complaint for reclamation with regard to the tractor. The complaint alleged that Cabrini was the titleholder to the tractor as evidenced by the certificate of title. See, Vehicle Certificate of Title attached to Cabrini's complaint for reclamation as Exhibit 3.

On July 2, 1982, Associates filed a motion for summary judgment asserting that no genuine issue as to any material fact existed. On July 20, 1982, an order was entered dismissing the motion and setting the matter for trial. On July 26, 1982, the order dismissing the motion was set aside. On August 6, 1982, Cabrini filed an answer to Associates' motion for summary judgment.

Associates' motion for summary judgment is premised on UCC 2–326(3). In support of its motion, Associates has filed the affidavit of its branch manager, Jerry Birkes. Cabrini's answer asserts that UCC 2–326(3) is inapposite, as its transaction with Metro Truck was not a "sale or return". Alternatively, Cabrini contends that it falls within an exception to UCC 2–326(3), as Metro Truck was known by its creditors to be substantially engaged in selling the goods of others. In support of its answer, Cabrini has filed the affidavit of its credit manager, Domenic Boccabella.

UCC 2–326(3) provides:

(3) Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return. The provisions of this subsection are applicable even though an agreement purports to reserve title to the person making delivery until payment or resale or uses such words as "on consignment" or "on memorandum". However, this subsection is not applicable if the person making delivery

(a) complies with an applicable law providing for a consignor's interest or the like to be evidenced by a sign; or

(b) establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others; or

(c) complies with the filing provisions of the article on secured transactions (article 9).

■ Cabrini's first argument, that its transaction with Metro Truck was not a "sale or return" within the meaning of UCC 2–326(3), is specious. The Cabrini letter of March 22, 1982 establishes that the tractor was delivered to Metro Truck for resale. Moreover, Cabrini's answer admits that Metro Truck dealt with "goods of this kind", i.e. used tractors. See, Cabrini answer, paragraph 3. Finally, it is clear that Metro Truck operated under a name other than the name of the person making delivery. Therefore, under UCC 2–326(3), the tractor is "deemed to be on sale or return".

■ Cabrini's second argument, that Metro Truck was known to be engaged in selling the goods of others, is more difficult. Clearly, the Code creates an exception to UCC 2–326(3) where the person making delivery establishes that the person conduct-

ing the business is generally known by his creditors to be substantially engaged in selling the goods of others. However, in only one case, *In Re Griffin*, 1 UCC 492 (Bkrtcy. W.D.Pa.1960), has a consignor established general knowledge that the consignee sold the goods of others and, in the view of White and Summers, that case was wrongly decided under present law. White and Summers, *Uniform Commercial* Code (2d edition), page 884. It is *In Re Griffin* on which Cabrini relies in its memorandum in support of denial of the motion.

Nevertheless, despite the probability that Cabrini will be unable to establish the "generally known" exception at trial, a question remains as to the appropriateness of summary judgment. As counsel for Cabrini notes, both parties have presented conflicting affidavits on the issue. Mr. Birkes, branch manager for Associates, states in paragraph 4 of his affidavit:

> Metro Truck Center, Inc., is not generally known by its creditors to be substantially engaged in selling the goods of others.

Conversely, Mr. Boccabella, credit manager for Cabrini, states in paragraph 5 of his affidavit:

> Deponent further states that METRO TRUCK was in the business of selling new and used vehicles. More particularly this was generally known by its creditors and that METRO TRUCK was substantially engaged in the selling of new and used vehicles of others, and this information was also well known to the principals of the Defendant Associates as outlined in the subsequent paragraphs.

FRCP 56, adopted by BR 756, provides that the party moving for summary judgment must show that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. Associates has failed to meet the burden of BR 756 with regard to the "generally known" exception.

Accordingly, the motion for summary judgment is denied.

So ordered.